IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ROY E. MILLER,                       )
                                     )
                Plaintiff,            )
                                     )
v.                                   )     Case No. 3:12CV873–HEH
                                     )
DAVID T. PARRISH, *et al.*,          )
                                     )
                Defendants.          )

MEMORANDUM OPINION
(Granting Motion to Dismiss)

Plaintiff Roy E. Miller ("Miller"), proceeding *pro se*, brought this action under 42

U.S.C. § 1983 alleging that Defendants violated his rights under the 1st, 4th, 5th, 6th, and

14th amendments to the United States Constitution in connection with a traffic stop and

subsequent arrest.  Defendant Hanover County moves to dismiss for failure to state a

claim (ECF No. 10).  Specifically, Hanover County argues that it cannot be held liable

under § 1983 for the actions of the Hanover County Sheriff's agents, that the Complaint

does not allege that the County has a custom or policy that deprived Miller of his rights,

and that it is entitled to sovereign immunity from Miller's tort claim arising out of the

same traffic stop and seizure.  (Def.'s Br. Supp. Mot. Dismiss at 4-6, ECF No. 11.)  The

motion has been fully briefed, and the Court will dispense with oral argument because the

facts and legal contentions are adequately presented in the materials before the Court, and

oral argument would not aid in the decisional process.  For the reasons set forth herein,

the court will grant the motion and dismiss the case against Hanover County.

# I. BACKGROUND

As required by Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court assumes Miller's well-pleaded allegations to be true, and views all facts in the light most favorable to him. *T.G. Slater & Son v. Donald P. & Patricia A. Brennan, LLC*, 385 F.3d 836, 841 (4th Cir. 2004) (citing *Mylan Labs, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)). Moreover, the court "liberally construe[s]" the Complaint, filed *pro se*, and holds it "to less stringent standards than [a] formal pleading drafted by [a] lawyer[]." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations and internal quotations omitted). Construed in this fashion, the alleged facts are as follows for purposes of resolving the motion to dismiss.

On September 17, 2012, David T. Parrish ("Parrish"), a Deputy Sheriff of Hanover County, stopped Plaintiff Roy Miller ("Miller") while he was travelling West on Route 30. (*Id.* ¶¶ 17-18.) Deputy Parrish asked Miller to produce his driver's license. (Compl. ¶ 18; Compl. Ex. A. ¶ 2.) Miller told Deputy Parrish his name and address and asked to see Deputy Parrish's oath of office and surety bond. (Compl. ¶ 19.) Deputy Parrish pointed to his badge, told Miller that "this is my identification," and refused to provide his oath of office or bond. (*Id.*)

Miller asked Deputy Parrish if he was suspected of being involved in a crime, and Deputy Parrish responded that Miller was not. (*Id.* ¶ 20.) Miller then asked Deputy Parrish if he had a warrant, to which Deputy Parrish responded "No, I don't need one." (*Id.* ¶ 21.) Miller then asked if he was free to go, and Parrish answered "no." (*Id.* ¶ 23.) Deputy Parrish called for his supervisor, who told Miller that he needed "to see [Miller's]

2

driver's license now." (*Id.* ¶ 24.) Miller asked to see the supervisor's oath of office and bond. (*Id.* ¶ 25.) Allegedly, Deputy Parrish then told Miller "that's it, you're going to jail." (*Id.* ¶ 26.) Deputy Parrish, his supervisor, and another officer dragged Miller from his car. (*Id.* ¶ 27.) As they dragged him away, Miller alleges that they twisted his arms, wrenched his head and neck, bruised his biceps, damaged a tendon, inflicted pressure points on him, and shoved him against a police vehicle. (*Id.* ¶ 29.) They then handcuffed Miller tightly and Miller's right hand went blue and numb. (*Id.* ¶ 30.) While Miller was handcuffed, he alleges that his arms "were pulled up and back to cause extreme pain even though he was not resisting." (*Id.* ¶ 31.)

It is further alleged that the officers then searched Miller, emptied his pockets, and touched his body, including his genitals. (*Id.* ¶ 32.) After doing so, Deputy Parrish interrogated Miller and took him to an undisclosed location, where Deputy Parrish presented Miller to a magistrate. (*Id.* ¶¶ 34-35.) Joseph Winfree, a correctional officer at Pamunkey Regional Jail, then searched and touched Miller's entire body, including his genitals, against Miller's protest. (Compl. Ex. A. ¶ 22; Compl. Ex. C. at 70.) Miller's private effects, including $211, were taken without his consent and have not been returned. (Compl. ¶ 40.) Next, Winfree interrogated Miller, forced him to sign paperwork under the threat of extended incarceration, and fingerprinted and photographed Miller despite his protest. (*Id.* ¶ 41-42.) Miller was then placed in a cell with a temperature of between fifty-five and sixty degrees without clothing or a blanket for warmth. (*Id.* ¶ 44.) Miller was taken before the magistrate again, before finally being

released on $5,000 bail. (*See id.* ¶¶ 48-49.) In total, Miller was detained for approximately four hours. (*Id.* ¶ 38.)

On December 11, 2012, Miller filed § 1983 claims and apparent tort claims[1] for negligence and battery against Hanover County, Deputy Parrish, other Hanover County deputy sheriffs, the Sheriff of Hanover County, and Officer Winfree based upon the September 17, 2012 stop and arrest.[2] Hanover County moved to dismiss the claims against it on the ground that the Complaint fails to state a claim upon which relief can be granted. (Def.'s Mot. Dismiss at 1, ECF No. 10.) More specifically, Hanover County argues that it is entitled to sovereign immunity from Miller's tort claims, that it cannot be held liable under § 1983 for the actions of Sheriff Hines or his agents because Sheriff Hines is an independent constitutional officer, and that it does not have a custom or policy that has caused the alleged violations of Miller's constitutional rights. (Def's Br. Supp. Mot. Dismiss at 4-7.)

## II. STANDARD OF REVIEW

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts [or] the merits of a claim."

---

[1] Miller did not specifically allege any particular tort claims against Hanover County; however, the Court will liberally construe Miller's battery, negligence, and possible false imprisonment claims against Defendants Parrish, LeCarpentier, and the unnamed deputy sheriffs, *see* Complaint ¶ 78, as claims against Hanover County because Miller also alleges that Hanover County employs those individuals, *id.* ¶¶ 3-8.

[2] Miller also filed § 1983 claims against a magistrate, two assistant commonwealth's attorneys, and a Hanover County General District Court judge (Compl. ¶¶ 11-14). However, Miller has not alleged any connection between Hanover County and those defendants, and the Court does not address the claims against any other Defendants herein.

4

*Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citation omitted). The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint need not assert "detailed factual allegations," but must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). In considering such a motion, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *T.G. Slater*, 385 F.3d at 841 (citation omitted). Legal conclusions receive no such deference. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, "'dismissal nevertheless is appropriate when the face of the complaint clearly reveals the existence of meritorious affirmative defenses.'" *Brockington v. Boykins*, 637 F.3d 503, 506 (4th Cir. 2011) (quoting *Brooks v. City of Winston-Salem*, 85 F.3d 178, 181 (4th Cir. 1996)).

## III. DISCUSSION

Miller alleges that Hanover County, through its officers, violated his rights under the United States Constitution and committed torts against him. His allegations center on conduct by Deputy Sheriff Parrish, Parrish's supervisors, other Hanover County deputy sheriffs, Correctional Officer Winfree, and Sheriff Hines. Miller also alleges that Hanover County violated his constitutional rights because it had a custom or policy of failing to properly train Deputy Parrish and other deputy sheriffs, as well as detaining

men and women unlawfully. (*See id.* ¶¶ 57, 84.) Miller fails to state a claim against Hanover County under § 1983 or Virginia law.

## A. Tort Claims

Liberally construing Miller's complaint, he appears to assert a number of tort claims against Hanover County based upon the actions of persons Hanover County allegedly employs. These include claims for negligence, battery, and false imprisonment. (*See* Compl. ¶ 78.) However, Hanover County, a subdivision of the Commonwealth, is entitled to sovereign immunity unless an express statutory or constitutional provision has waived that immunity. *See Ligon v. Cnty. of Goochland*, 689 S.E.2d 666, 668 (Va. 2010). Although the Virginia Tort Claims Act waived sovereign immunity for the Commonwealth in some instances, it has not waived that immunity for the subdivisions thereof. *See Carter v. Morris*, 164 F.3d 215, 221 (4th Cir. 1999) (citing Va. Code Ann. § 8.01-195.3) (holding in a § 1983 case that a plaintiff's related state tort claims against a city were barred by sovereign immunity under Virginia law); *Seabolt v. Cnty. of Albemarle*, 724 S.E.2d 715, 719 (Va. 2012) (citing Va. Code Ann. § 8.01-195.3)). This sovereign immunity protects Hanover County from suit for both negligence and intentional tort claims arising out of the actions of any of its agents. *Cf. Neise v. City of Alexandria*, 564 S.E.2d 127, 132-33 (Va. 2002) (holding that a city was immune from liability for intentional torts). Even assuming *arguendo* that the individual Defendants were Hanover County's agents, Miller cannot assert these tort claims against Hanover County because the County is immune from suit.

## B. § 1983 Claims

Miller also alleges that Hanover County violated his constitutional rights. Under § 1983, "[e]very person who, under color of any statute, ordinance, regulation, custom or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . ." 42 U.S.C. § 1983. Local governments are "persons" for the purposes of the statute. *Monell v. Dep't of Soc. Servs. of the City of N.Y.*, 436 U.S. 658, 690-91 (1978). However, a local government cannot be sued under § 1983 "for an injury inflicted solely by its employees or agents." *Id.* at 694; *Carter v. Morris*, 164 F.3d 215, 218 (4th Cir. 1999) (recognizing that a local government could not be held liable under § 1983 based on a theory of *respondeat superior*).

A local government can only be held liable under § 1983 "'through an official policy or custom.'" *Lytle v. Doyle*, 326 F.3d 463, 471 (4th Cir. 2003) (quoting *Carter*, 164 F.3d at 218). Such a policy or custom may arise in four ways:

> (1) through an express policy, such as a written ordinance or regulation;
> (2) through the decisions of persons with final policymaking authority;
> (3) through an omission, such as a failure to properly train officers, that manifest[s] deliberate indifference to the rights of citizens; or (4) through a practice that is so persistent and widespread as to constitute a custom or usage with the force of law.

*Id.* (internal citations and quotations omitted). Accordingly, Miller can only state a claim under § 1983 by alleging that the County had a policy within one of those four categories.

The Complaint contains no allegation that Hanover County deprived Miller of his rights through a Hanover County ordinance or through the "decisions of a person with final policymaking authority" to act on behalf of the County. Miller can, therefore, only establish § 1983 liability for a Hanover County policy created through an omission manifesting deliberate indifference to the rights of citizens or through a practice so persistent and widespread as to constitute a custom or usage with the force of law. *See id.* The Complaint does not raise a plausible claim for relief under either mechanism because the Sheriff's Department is a separate entity from Hanover County.

## 1. Distinction Between Hanover County and the Hanover County Sheriff's Department

Under Article VII, section 4 of the Constitution of Virginia, "[t]here shall be elected by the qualified voters of each county and city a treasurer, *a sheriff*, an attorney for the Commonwealth, a clerk of the court . . . and a commissioner of the revenue." Va. Const. art. VII, § 4 (emphasis added). These five officers are considered "constitutional officers" because they derive their authority directly from Virginia's Constitution. *Doud v. Commonwealth*, 717 S.E.2d 124, 126 (Va. 2011). "Constitutional officers are responsible to the voters who elected them but do not depend upon either the government of the Commonwealth or upon the governing bodies of their counties or cities for their authority." *Id.* In other words, the Sheriff and his Department are distinct from Hanover County.

A municipality cannot be liable under § 1983 for the actions of its sheriff because, "under the law of Virginia those actions do not embody an official policy of the

8

[municipality]." *Strickler v. Waters*, 989 F.2d 1375, 1390 (4th Cir. 1993). From the face

of the Complaint, it appears that Deputy Sheriff Parrish and the other deputy sheriffs are

officers of Sheriff Hines—not Hanover County. (Compl. Ex. C at 67-69.) Accordingly,

under *Strickler*, Miller cannot state a § 1983 claim against Hanover County for the

actions of the Sheriff of Hanover County or his deputies.[3] The Court will dismiss any

claim against Hanover County predicated on the actions of the Sheriff of Hanover County

and his deputies, including Miller's claim that Hanover County, as a policy, neglected to

adequately train or supervise Defendants Parrish, LeCarpentier, and the four other

unnamed deputies.

## 2. Correctional Officer Winfree

The Complaint also raises a number of allegations suggesting improper conduct by

Correctional Officer Winfree.[4] (*See* Compl. ¶¶ 39-43.) Specifically, Miller claims that

Winfree deprived him of his Constitutional rights under the 1st, 4th, 5th, 6th, and 14th

Amendments to the United States Constitution by detaining him without a warrant and

unlawfully searching and seizing his person and property. (*See id.* ¶¶ 84-85.) However,

---

[3] *Strickler* involved whether a plaintiff could state a § 1983 claim against a city for the actions of that city's sheriff. *Strickler v. Waters*, 989 F.2d 1375, 1390 (4th Cir. 1993). However, *Strickler*'s reasoning applies with equal force to a claim against a county for the actions of that county's sheriff because both county and city sheriffs derive their authority from the same provision of the Constitution of Virginia. *See* Va. Const. art. VII, § 4.
[4] Unlike the officers of the Sheriff of Hanover County, including Defendants Parrish, LeCarpentier, and Hines, it does not appear from the face of the complaint that the Sheriff of Hanover County employs Correctional Officer Winfree. Therefore, for the purposes of this motion, the Court will assume the truth of Miller's allegation that Hanover County employs Correctional Officer Winfree, (Compl. ¶ 15.), although by statute Hanover County does not operate Pamunkey Regional Jail. *See* Va. Code Ann. §§ 53.1-95.2, 53.1-106.

Hanover County can only be held liable under § 1983 to the extent that Winfree's actions

reflect an official County policy. *See Carter*, 164 F.3d at 218. The Complaint does not

allege that Winfree acted pursuant to an express Hanover County policy or the decision

of a Hanover County official with final policymaking authority. The Complaint does not

allege that the County failed to adequately train Winfree. Therefore, Hanover County

may be held liable only if Winfree's actions reflect a practice "that is so persistent and

widespread as to constitute a custom or usage with the force of law." *Lytle*, 326 F.3d at

472 (citation and internal quotation marks omitted). "'Isolated incidents' of

unconstitutional conduct by subordinate employees are not sufficient to establish a

custom or practice for § 1983 purposes." *Id.* (citing *Carter*, 164 F.3d at 218).

Although Miller need not plead multiple instances of similar constitutional

violations by the County, *Jordan v. Jackson*, 15 F.3d 333, 339 (4th Cir. 1993), he must at

least plead facts indicating that the custom "is fairly attributable to the municipality and .

. . proximately caused the deprivation of [his] rights," *Id.* at 338. Miller has failed in

this regard, because his Complaint does not allege any facts indicating that Winfree's

actions were attributable to the County or the result of any County custom or policy.[5]

---

[5] In ¶ 73 of the Complaint, Miller asserts that the County is liable for all the actions
described in the Complaint because of its "authorization, condemnation, and ratification
thereof for the acts of their employees . . . ." This allegation does not establish a causal
link between Winfree's actions and the County because it essentially alleges that the
County is liable under the theory of *respondeat superior*. *See Carter*, 164 F.3d at 218
(4th Cir. 1999) (recognizing that a local government could not be held liable under §
1983 based on a theory of *respondeat superior*). To the extent the allegations in ¶ 73
indicate that Hanover approved of the actions of Winfree as a custom or policy, they are
conclusory and, therefore, do not allege sufficient factual matter to establish the causal
connection requisite to state a § 1983 claim against the County.

Without that causal link, Miller has not stated a claim against the County. Accordingly, the Court will dismiss Miller's claims against the County to the extent they are predicated on Winfree's actions.

### 3. Hanover County's Policies Generally

The Complaint does not raise a plausible right to relief against Hanover County because it does not allege sufficient factual matter to indicate that Hanover County had a policy or custom that deprived Miller of his Constitutional rights. The only allegations conceivably related to a Hanover County policy are that Hanover County "had an agreement . . . to conduct warrantless detentions as a standard operating procedure" and "created a custom or policy to detain and kidnap men and women without probable cause, exigent circumstances, consent, or lawful warrant . . . ."[6] (Compl. ¶¶ 78, 84).

Neither of these allegations raise a right to relief under § 1983 beyond the speculative level. To raise a plausible § 1983 claim, a plaintiff must allege facts that amount to more than just a formulaic recitation of the elements of a § 1983 claim. *See Iqbal*, 556 U.S. at 678. The Complaint does not specify any County action adopting a "custom or policy to detain and kidnap men and women without probable cause" or "an agreement . . . to conduct warrantless detentions as a standard operating procedure." Nor does he identify any County official who adopted such a policy. Accordingly, Miller has failed to present sufficient factual matter to establish a plausible claim that the County

---

[6] The complaint contains no allegations that Hanover County violated Miller's rights through an express policy such as a written ordinance, through the decisions of a final policymaking authority, or through an omission by the County manifesting deliberate indifference to the rights of citizens like Miller. Therefore, the Court will focus on a "custom or practice" theory of liability.

had a custom or policy that violated his constitutional rights, and the Court will dismiss

his custom or policy claims against the County. *Id.*

## IV. CONCLUSION

For the foregoing reasons, the Court will grant the Motion to Dismiss pursuant to

Rule 12(b)(6) filed by Defendant Hanover County and dismiss Miller's § 1983 claims

and state law claims against Hanover County.

An appropriate Order will accompany this Memorandum Opinion.

/s/

Henry E. Hudson
United States District Judge

Date: March 4 2013
Richmond, Virginia